J-S87032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY LYNN HATFIELD | |
| Appellant | No. 1953 MDA 2015 |

Appeal from the PCRA Order October 29, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000214-2014

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED FEBRUARY 17, 2017**

Ricky Lynn Hatfield appeals from the order, entered in the Court of Common Pleas of Franklin County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On April 30, 2014, Hatfield entered a plea of *nolo contendere* to two counts of aggravated assault by vehicle while driving under the influence (DUI).[1]  The charges stemmed from an incident in which Hatfield, while driving his tractor-trailer cab under the influence, veered off the roadway and hit two men who were working on a disabled vehicle on the side of the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3735.1.

road. The victims suffered serious injuries. On May 2, 2014, Hatfield filed a motion to withdraw his plea, asserting that he "wants to wait and see if the victims get out of their wheelchairs before making a decision on the plea offer." Motion to Withdraw Plea, 5/2/14, at ¶ 3. After a hearing, the court denied Hatfield's motion and, on May 28, 2014, sentenced him to an aggregate term of 42 to 120 months' imprisonment.

On June 9, 2014, Hatfield filed a post-sentence motion to withdraw his plea and for modification of sentence. The court held a hearing on July 31, 2014, at which Hatfield was represented by new counsel. The court denied Hatfield's motion that same day; no direct appeal was filed.

On June 17, 2015, Hatfield filed a timely *pro se* PCRA petition and the court appointed Shane Kope, Esquire, to represent him. On August 27, 2015, Attorney Kope filed a "no-merit" letter pursuant to **Turner**/**Finley**[2] and requested to withdraw as counsel. The court granted counsel's request on August 31, 2015, and entered an order pursuant to Pa.R.Crim.P. 907 notifying Hatfield of its intent to dismiss his petition. Hatfield filed a response to the court's Rule 907 notice on September 18, 2015;[3] the court dismissed his petition on that same date.

---

[2] *See **Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[3] Hatfield's response to the court's Rule 907 notice was docketed on October 29, 2015, well past the 20 days authorized in the Rule 907 notice. However, pursuant to the prisoner mailbox rule, the response, having been mailed on

*(Footnote Continued Next Page)*

Hatfield filed a timely notice of appeal and court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hatfield raises the following issues, *verbatim*, for our review:

1. Was the plea invalid pursuant to [Pa.R.Crim.P.] 590, in relation to the in court colloquy?

2. Did the court abuse discretion in denying the motion to withdraw plea? (Without hearing) – (Which includes the underlying issue).

3. Did [Hatfield] suffer ineffective assistance for the purpose of appeal?

4. Did [Hatfield] suffer ineffective PCRA counsel, and was PCRA counsel[']s **Finley** letter defective?

5. Did [Hatfield] suffer a breach of plea agreement/promise prior to waiving his right to preliminary hearing?

6. Is *nunc pro tunc* relief due [Hatfield], and should sentence be imposed based upon his knowledge of the plea?

7. *Pro se* appellant was denied assistance of counsel at the time of sentencing.

Brief of Appellant, at 3.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v.***

_(Footnote Continued)_ ———————

September 18, 2015, is deemed timely filed. ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) (under prisoner mailbox rule, *pro se* prisoner's document deemed filed on date he delivers it to prison authorities for mailing).

- 3 -

*Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Before we address the merits of Hatfield's claims, we must determine whether he has properly preserved them for appellate review. It is well-settled that issues not raised before the PCRA court cannot be considered on appeal. *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011). Here, Hatfield's *pro se* PCRA petition raised three claims, all of which concerned the Commonwealth's alleged breach of a pre-trial agreement and/or trial counsel's ineffectiveness with regard thereto. Court-appointed PCRA counsel reviewed the record and concluded that there were no non-frivolous issues that could be raised on appeal. Accordingly, counsel submitted a *Turner*/*Finley* "no-merit" letter, in which he addressed the claims raised in Hatfield's *pro se* petition and concluded that the alleged "agreement" upon which Hatfield's claims were based was never accepted by the PCRA court and was, therefore, merely executory and non-enforceable.

On August 31, 2015, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, that it intended to dismiss Hatfield's petition without a hearing, and advised Hatfield of his right to respond within twenty days. On October 29, 2015, the PCRA court received a letter from Hatfield postmarked September 18, 2015, in which he again raised the issue of the purported agreement with the Commonwealth, and counsel's alleged ineffectiveness

with regard thereto. That same date, the PCRA court dismissed Hatfield's petition.

Now, on appeal, Hatfield raises multiple issues that were not raised before the PCRA court. Specifically, Hatfield challenges: the validity of his plea due to an allegedly insufficient colloquy; the trial court's denial of his motion to withdraw his plea; the effectiveness of counsel for purposes of direct appeal; the effectiveness of PCRA counsel; and the effectiveness of counsel at the time of sentencing. However, because Hatfield failed to present these claims in his PCRA petition, or otherwise in the PCRA court below, he has waived them on appeal. *See Ousley*, *supra*.

Hatfield's remaining two claims concern the Commonwealth's alleged breach of a purported plea agreement. Specifically, Hatfield relies on a letter sent to his attorney by Zachary Mills, Esquire, counsel for the Commonwealth, in which the Commonwealth offered to allow Hatfield to plead guilty to two counts of aggravated assault by vehicle and leaving the scene of an accident, in exchange for the Commonwealth "standing silent at time of sentencing." Zachary Mills Letter, 1/24/14. The Commonwealth also proposed "incentives" in exchange for Hatfield's waiver of his preliminary hearing, including "non-pursuit of summary offenses, plus the potential for continued plea negotiations." *Id.* Hatfield claims that "he was led to believe that by abandoning his right to [a] preliminary hearing he would only receive two counts of aggravated assault." Brief of Appellant, at 25.

Instead, Hatfield says, he was charged with and pled guilty to two counts of aggravated assault by vehicle while DUI, a more serious charge. Hatfield claims that, by not allowing him to plead to only aggravated assault, and by requesting that the court sentence Hatfield "in the upper, [a]ggravated sentencing range," the Commonwealth breached its agreement. Furthermore, by misleading him into believing the foregoing to be true, Hatfield asserts that plea counsel was ineffective. This claim is waived and without merit.

Pursuant to section 9544(b) of the PCRA, an issue is deemed waived if the petitioner "could have raised it but failed to do so before trial, at trial, . . . on appeal, or in a prior postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Hatfield filed a motion to withdraw his guilty plea in which the only basis he presented for withdrawal was his desire to "wait and see if the victims get out of their wheelchairs before making a decision on the plea offer." Motion to Withdraw *Nolo Contendere* Plea, 5/2/14, at ¶ 3. Hatfield could have, but chose not to, assert at that time his claim that the Commonwealth breached the agreement purportedly set forth in Attorney Mills' letter of January 24, 2014. Because he could have raised the claim in earlier proceedings but failed to do so, he has waived it for purposes of the PCRA.[4]

---

[4] We note that Hatfield chose to represent himself at the hearing held on his motion to withdraw his plea after requesting that his counsel be dismissed. *(Footnote Continued Next Page)*

In any event, the claim is meritless. The letter upon which Hatfield bases his claim is nothing more than an offer. Hatfield presents no evidence that the parties actually came to a meeting of the minds with regard to the specific proposal outlined in Attorney Mills' letter. Even if they had, Hatfield was not entitled to specific performance of any plea agreement unless and until it was approved by the court. "Where a plea agreement has been entered of record and accepted by the trial court, the state is required to abide by the terms of the plea agreement. However, prior to the entry of a guilty plea, the defendant has no right to specific performance of an 'executory' agreement." *Commonwealth v. Postie*, 110 A.3d 1034, 1042 (Pa. Super. 2015). Moreover, at the time he entered his plea, Hatfield was aware of the charges to which he was pleading guilty. Although the guilty plea hearing transcript is not included in the certified record,[5] in his written plea colloquy Hatfield clearly acknowledged: (1) the charges to which he was pleading guilty; (2) that he was satisfied with his counsel's representation; and (3) that no threats or promises had been made to him to persuade him to plead *nolo contendere*. *See* Plea Agreement, 4/30/14, at

_____
*(Footnote Continued)*

However, upon questioning by the Commonwealth, Hatfield stated that he was "satisfied with the written motion to withdraw [his] *nolo contendre* plea" filed by his former counsel. N.T. Motion to Withdraw Plea Hearing, 5/21/14, at 6.

[5] It is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for review. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

4-5.  A defendant is bound by statements made during his plea colloquy, and may not later offer reasons for withdrawing the plea that contradict statements made when he pled.  ***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001).  Accordingly, Hatfield may not now claim that he did not understand that he would be pleading to aggravated assault by vehicle while DUI rather than aggravated assault.  Furthermore, because the underlying claim is meritless, Hatfield's related ineffectiveness of trial counsel claim entitles him to no relief.  ***See Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (To prevail on ineffectiveness claim, petitioner must establishing all of the following:  (1) underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice because of counsel's ineffectiveness).

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2017

- 8 -